IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CV-263-D

| | |
|---|---|
| VIRGINIA KIRKPATRICK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

On June 12, 2012, Virginia Kirkpatrick ("Kirkpatrick"), sued Michael J. Astrue, Commissioner of Social Security ("Commissioner"), alleging that the Commissioner wrongfully denied Kirkpatrick's application for Social Security disability benefits [D.E. 5].[1] Kirkpatrick asks the court to reverse the Commissioner's denial of benefits and remand the case for a new hearing. On November 1, 2012, Kirkpatrick moved for judgment on the pleadings [D.E. 24] and filed materials in support [D.E. 24-1, 24-2]. On December 27, 2012, the Commissioner moved for judgment on the pleadings [D.E. 25] and filed a memorandum in support [D.E. 26]. As explained below, the court denies the Commissioner's motion, grants Kirkpatrick's motion, and remands the case for further proceedings.

I.

On December 23, 2008, Kirkpatrick applied for disability benefits. Tr. 121. In her application, Kirkpatrick stated that her disability began on December 3, 2007. Id. On July 20, 2009,

---

[1] Astrue has resigned, and the court substitutes Carolyn Colvin, Acting Commissioner of Social Security, as defendant. See Fed. R. Civ. P. 25(d).

her claim was denied initially, id. 50, and later upon reconsideration. Id. 51. Kirkpatrick requested a hearing before an ALJ, which took place on October 25, 2010. See id. 25–49.

On December 6, 2010, the ALJ issued his decision. Id. 12–24. In the decision, the ALJ performed the prescribed five-step process to evaluate disability claims. See 20 C.F.R. § 404.1520(a)(4); see also Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (per curiam). The ALJ found that Kirkpatrick (1) had not engaged in substantial gainful activity since December 3, 2007, Tr. 17; (2) suffered from the severe impairments of fibromyalgia and degenerative disc disease of the lumbar spine, id.; (3) did "not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in" the regulations, id.; (4) possessed "the residual functional capacity to perform the full range of light work," id. 18–24; and (5), based on her residual functional capacity, could perform her past relevant work as a technical support specialist. Id. 24. Accordingly, the ALJ denied Kirkpatrick's application. Id. Kirkpatrick timely requested that the Appeals Council review the decision. See id. 11. On March 12, 2012, the Appeals Council denied her appeal. See id. 1–4. Kirkpatrick timely sought judicial review. See 42 U.S.C. § 405(g).

II.

A district court reviewing the Commissioner's denial of benefits considers only whether substantial evidence supports the Commissioner's factual findings and whether the Commissioner applied the correct legal standards. See id.; Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir. 2002); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is more than a mere scintilla of evidence but may be somewhat less than a preponderance. See Richardson v. Perales, 402 U.S. 389, 401 (1971); Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012); Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996). The court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its]

judgment for that of the [ALJ]." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996), superseded by regulation on other grounds, 20 C.F.R. § 416.927(d)(2). To determine whether a decision is supported by substantial evidence, the court must determine whether the Commissioner has considered all relevant evidence and sufficiently explained the weight given to probative evidence. See Sterling Smokeless Coal Co. v. Akers, 131 F.3d 438, 439–40 (4th Cir. 1997).

On July 16, 2012, Kirkpatrick obtained a successful disability decision from the Commissioner. See [D.E. 24-2]. Kilpatrick argues that the decision constitutes new and material evidence and that the case should be remanded. See [D.E. 24-1] 3–5.

Sentence six of 42 U.S.C. § 405(g) permits remand when "there is new evidence which is material and . . . there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). "Evidence is new . . . if it is not duplicative or cumulative." Wilkins v. Sec'y, Dep't Health & Human Servs., 953 F.2d 93, 96 (4th Cir. 1991) (en banc). Any new evidence also must "relate[] to the period on or before the date of the [ALJ] hearing decision." 20 C.F.R. § 404.970(b); see, e.g., Smith v. Astrue, No. 5:10-CV-219-FL, 2011 WL 3905509, at *2 (E.D.N.C. Sept. 2, 2011) (unpublished). "Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome." Wilkins, 953 F.2d at 96.

In support of remand, Kirkpatrick cites the Commissioner's favorable disability decision issued on July 16, 2012. See [D.E. 24-2] 11. In the July 16, 2012 decision, an ALJ found that Kirkpatrick was disabled as of December 7, 2010. See id. In contrast, on December 6, 2010, the ALJ in this case found that Kirkpatrick was not disabled for the period December 3, 2007, through December 6, 2010. See Tr. 24. The July 16, 2012 disability decision relates to the period of the ALJ's decision in this case because the severe impairments (and by extension the medical evidence) overlap. Compare Tr. 17 (concluding on December 6, 2010, that Kirkpatrick suffered from

3

fibromyalgia and degenerative disc disease of the lumbar spine), with [D.E. 24-2] 7 (concluding that, as of December 7, 2010, Kirkpatrick suffered from lumbar degenerative disc disease, fibromyalgia, and other impairments).

As for materiality, this court and others in the Fourth Circuit have found to be material contrary decisions by the Commissioner with little or no intervening gap between a claimant's state of disability and non-disability. See, e.g., Outlaw v. Colvin, No. 5:11-CV-647-FL, 2013 WL 1309372, at *3 (E.D.N.C. Mar. 28, 2013) (unpublished); Bryant v. Astrue, No. 7:11-CV-54-D, 2012 WL 895425, at *7–8 (E.D.N.C. Feb. 10, 2012) (unpublished), report and recommendation adopted, 2012 WL 896147, at *2 (E.D.N.C. Mar. 15, 2012) (unpublished); Smith, 2011 WL 3905509, at *2–3; Hayes v. Astrue, 488 F. Supp. 2d 560, 565 (W.D. Va. 2007); cf. Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337, 343 (4th Cir. 2012) (observing that disability determinations by other agencies may be evidence of a claimant's Social Security disability). Moreover, because Kirkpatrick's administrative process in this case concluded on March 12, 2012, Kirkpatrick has good cause for not incorporating the favorable July 16, 2012 decision into this case. Thus, the court remands the matter for further proceedings in light of the Commissioner's July 16, 2012 disability determination.

In opposition to this conclusion, the Commissioner distinguishes between the evidence in this case and the evidence in the later case. The Commissioner then argues that this difference in evidence renders the ALJ's July 16, 2012 decision neither new nor material. See [D.E. 26] 25–28. The Commissioner also argues that the July 16, 2012 decision "relied heavily on new evidence showing progression of [Kirkpatrick]'s condition and a decline in [Kirkpatrick]'s functioning relative to her own self-reports prior to December 6, 2010." Id. 28.

4

The court rejects the Commissioner's argument. That subsequent medical evidence corroborated Kirkpatrick's pre-December 6, 2010 self-reports about her condition make it reasonably probable that the ALJ in this case might have taken a different view of her credibility. See Wilkins, 953 F.2d at 96. For example, on remand, Kirkpatrick may not found to be disabled as of the earliest date she claimed in this case (December 3, 2007), but the Commissioner may well find her to be disabled earlier than December 7, 2010. As such, a remand is appropriate. The ultimate decision, of course, is reserved for the Commissioner.

III.

In sum, the court GRANTS Kirkpatrick's motion for judgment on the pleadings [D.E. 24], DENIES the Commissioner's motion for judgment on the pleadings [D.E. 25], and remands for reconsideration under sentence six of 42 U.S.C. § 405(g). On remand, the Commissioner shall consider Kirkpatrick's July 2012 successful disability application.

SO ORDERED. This 6 day of May 2013.

JAMES C. DEVER III
Chief United States District Judge

5

Case 5:12-cv-00263-D   Document 27   Filed 05/06/13   Page 5 of 5